SUMMARY ORDER

Petitioner Xing Jaing Jiang, a.k.a. Xing Jian Jiang, a native and citizen of the People’s Republic of China, seeks review of a June 5, 2008 order of the BIA affirming the June 20, 2006 decision of Immigration Judge (“IJ”) Robert Weisel, denying *324 his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Xing Jaing Jiang, No. A077 317 161 (B.I.A. June 5, 2008), aff'g No. A077 817 161 (Immig. Ct. N.Y. City June 20, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
As an initial matter, although Jiang is challenging the denial of relief in “asylum-only” proceedings, as opposed to an actual removal order, we nonetheless have jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. See Kanacevic v. INS, 448 F.3d 129, 134 (2d Cir.2006).
When the BIA issues an opinion that fully adopts the IJ’s decision, we review the IJ’s decision. See Mei Chai Ye v. U.S. Dep’t of Justice, 489 F.3d 517, 523 (2d Cir.2007). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Because Jiang fails to challenge the agency’s adverse credibility determination in his brief to this Court, we deem any such argument waived. See id. Because the only evidence of a threat to Jiang’s life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum and withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005).
Finally, we decline to consider Jiang’s challenge to the agency’s denial of his CAT claim because, as the Government points out, Jiang failed to raise to the BIA the issue he now raises to us. See Mei Chai Ye v. U.S. Dep’t of Justice, 489 F.3d 517, 528 (2d Cir.2007).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).